LA SUCESIÓN DE ANTONIO OSORIO, ETC., demandantes-recurridos, *v.* JOSEFA OSORIO Y LA SUCESIÓN DE MARTÍN OSORÍO, ETC., demandados-recurrentes.

*Número:* R-71-209      *Resuelto:* 14 de mayo de 1974

250

*José A. Bravo Abreu,* abogado de los recurrentes; *R. R. Rivera Correa,* abogado de los recurridos.

PER CURIAM: Se impugna en este recurso la sentencia dictada por el tribunal de instancia anulando ciertos procedimientos judiciales y decretando la reivindicación solicitada por los recurridos de un condominio indiviso sobre una finca de 14 cuerdas ubicada en el Barrio Medianía Alta de Loíza. Los recurrentes nos piden la revocación de la sentencia aduciendo en su contra los errores que discutiremos a continuación.

1. Erró el tribunal al no especificar los hechos probados y separadamente consignar las conclusiones de derecho.

El tribunal de instancia no formuló conclusiones en la sentencia recurrida sino que adoptó por referencia las formuladas en una sentencia anterior. Dicha sentencia se había dejando sin efecto para darle oportunidad al recurrente de presentar su prueba. Al efecto expresó el tribunal de instancia refiriéndose a las conclusiones de la sentencia dejada sin efecto: "Entendemos que dicha sentencia es correcta y procedemos a ratificarla en todas sus partes. . . . Por las razones señaladas adoptamos como nuestras las Determinaciones de Hechos así como las correspondientes Conclusiones de Derecho y los pronunciamientos de la Sentencia de 6 de junio de 1969."

Esta sentencia del 6 de junio de 1969 cumple a cabalidad con la Regla 43.1 de Procedimiento Civil especificando los hechos probados y consignando las conclusiones de derecho. La adopción por el tribunal de las conclusiones formuladas en la misma no viola la letra ni el espíritu de dicha Regla. Por otro lado, hemos resuelto consistentemente que la inobservancia de la Regla 43.1 no es motivo de revocación cuando de las circunstancias que concurren en el caso este Tribunal tiene una clara comprensión de la base en que descansó su decisión el tribunal sentenciador. *Firpi* v. *Pan American World Airways, Inc.*, 89 D.P.R. 197 (1963); *Meléndez* v. *Metro Taxicab*, 68 D.P.R. 766 (1948). En el caso de autos las conclusiones adoptadas por la sentencia recurrida nos permiten una clara comprensión de la base en que descansó el tribunal.

No se cometió el error apuntado.

2. Erró el tribunal al determinar que era correcta la sentencia del 6 de junio de 1969, a pesar de que en aquella ocasión el tribunal no había tenido ante sí la prueba de la parte demandada, aquí recurrente.

Arguye que al ratificar el tribunal de instancia la sentencia dictada el 6 de junio de 1969, pasó por alto su prueba

a saber: a) la escritura Núm. 155 otorgada ante el notario Luis Sánchez Vahamonde el 4 de noviembre de 1923, mediante la cual el causante de los recurridos, Antonio Osorio, cedió sus derechos en la finca objeto del litigio a favor de sus hermanos Martín y Josefa, causantes de los recurrentes, y, b) una Petición de Inscripción Electoral del año 1920 en la cual aparece que el causante de los recurridos sabía leer y escribir.

No tiene razón. La sentencia recurrida hace referencia expresa a la prueba desfilada por la recurrente y específicamente se menciona en su texto ambas piezas de evidencia.

3. Erró el tribunal al no formular determinaciones de hecho adicionales solicitadas oportunamente por el recurrente.

Este apuntamiento requiere hacer referencia a los hechos en controversia. Los recurridos son herederos del fenecido Antonio Osorio y los recurrentes de Martín Osorio. Antonio y Martín junto a tres hermanos más eran, a su vez, los herederos de Carmen Santos Vda. de Osorio. Esta dejó una finca de alrededor de 14 cuerdas ubicada en el Barrio Medianía Alta de Loíza. La finca estaba inscrita en el Registro de la Propiedad y afecta a una hipoteca por $500.00 a favor de Marcial Suárez quien la ejecutó por falta de pago en el 1937. Poco tiempo después Marcial traspasó la finca por partes iguales a Martín Osorio y a su hermana Josefa Osorio.

Los recurridos, herederos de Antonio, impugnaron el procedimiento de ejecución de hipoteca y reclamaron la reivindicación de sus respectivas partes proporcionales en la finca. El tribunal de instancia declaró nulo el procedimiento de ejecución porque el mismo se dictó sin jurisdicción, ya que al emplazarse por edictos a Antonio, se omitió la declaración jurada relativa a las diligencias que se hicieron para notificarle personalmente, a pesar de que le constaba tanto a Marcial como a Martín y a Josefa que era falso que se desconocía quienes eran los herederos, puesto que eran sus propios hermanos y residían en la misma finca.

Debemos consignar que los recurrentes no impugnan estas determinaciones de hecho. La contención de ellos consiste en que en el 1923—la ejecución se efectuó en el 1937—Antonio había cedido todos sus derechos en la finca a Martín y a Josefa por la cantidad de $240.00, mediante la referida escritura Núm. 155 otorgada ante el notario Sánchez Vahamonde. Se amparan, pues, los recurrentes en la presunción de validez que la ley reconoce a los actos notariales arguyendo que el fraude no se presume y que la prueba del mismo debe ser clara y robusta.

■ Es cierto que el tribunal de instancia no formuló determinación alguna sobre la validez de la escritura Núm. 155, aunque tuvo ante sí dicha escritura y también la prueba presentada por los recurridos para demostrar que Antonio Osorio no sabía firmar. Pero este Tribunal está en libertad de formular su propia conclusión sobre un hecho esencial, cuando como en el caso de autos, el tribunal de instancia no lo haya hecho. *García Calderón* v. *Galiñanes Hermanos*, 83 D.P.R. 318 (1961).

Aparece del récord el testimonio de Luis Osorio, hijo de Antonio, al efecto de que éste no sabía firmar (T.E. pág. 23); que Antonio vivía en la propia finca y hasta que murió recibía la parte proporcional de la cosecha (T.E. págs. 27–29); que después de muerto Antonio, su hermano Martín le descontó los gastos del funeral de la participación de ellos (*Id.* pág. 30); que su tío Martín, aquí recurrente, lo mandó a buscar después de la muerte de Antonio para que administrara la finca "porque tanto derecho tenía yo como los otros y él me mandó a buscar y yo le contesté que no podía porque yo estaba trabajando en los Suárez y no tenía tiempo." (*Id.* pág. 32.) También consta en la transcripción de evidencia una estipulación de las partes al efecto de que al Libro Núm. 7 de Nacimientos del Antiguo Registro Civil aparece que después de otorgada la referida escritura Núm. 155, compareció en el

1929 Antonio Osorio al Registro a inscribir cinco hijos y los inscribió todos marcando una cruz, siendo testigo de la marca Eleuterio Fuentes.

Los recurrentes no refutaron dicha prueba limitándose a presentar la escritura Núm. 155, la cual nunca registraron, y una copia fotostática de la Petición de Inscripción Electoral de Antonio Osorio en la que éste aparece firmando Antonio O. Santos. Notamos que a simple vista esta firma es completamente distinta en sus rasgos a la que aparece en la escritura Núm. 155.

La presunción de validez de los actos notariales es una de carácter rebatible y en este caso fue rebatida por la prueba de los recurridos. Correspondía de ahí en adelante a los recurrentes el peso de probar la validez de la escritura Núm. 155 y no lo hicieron, lo que constituye una falla insuperable en esta etapa de los procedimientos.

Estamos convencidos que las conclusiones de hecho adoptadas por el tribunal de instancia están sostenidas por la prueba desfilada, lo cual dispone del cuarto apuntamiento.

*Se dictará sentencia confirmando la sentencia revisada.*