# 96 DTA 92

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL II, BAYAMON**

LINDA VIRGINIA GOMEZ Y OTROS
Apelados

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Apelante

Núm. KLAN-95-00985

San Juan, Puerto Rico, a 24 de abril de 1996

Panel integrado por su presidenta, Jueza Ramos Buonomo
y los Jueces Cordero y Ortiz Carrión

Ortiz Carrión, Juez Ponente

RECEIVED
NOV 0 8 1996
SERIALS DEPT.
HARVARD LAW SCHOOL LIBR.

## TEXTO COMPLETO DE LA SENTENCIA

El Estado Libre Asociado de Puerto Rico apela de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la cual se declaró con lugar una demanda presentada por la Sra. Linda Virginia Gómez Ríos y su esposo, el Sr. José Israel Santiago, por sí y en representación de la sociedad legal de gananciales integrada por ambos, imponiéndole la obligación de compensar a los demandantes por los daños que le causaron las acciones culposas por las cuales se le impuso responsabilidad. En su apelación, el Estado Libre Asociado señala que el tribunal *a quo* incurrió en error:

*"(A) al limitar la vista del 8 de febrero de 1995 a una sobre responsabilidad, en contra a lo ordenado por el Tribunal Supremo el 18 de enero de 1994; y*

*(B) al imponerle la obligación de compensar a la demandante por la suma de $25,000.00, más la penalidad estatutaria en virtud de 29 L.P.R.A. sec. 155 (J) (1) y al conceder a la sociedad de gananciales Santiago Gómez, por concepto de lucro cesante, la cantidad de $2,814.00, más la penalidad estatutaria en virtud de 29 L.P.R.A. sec. 155 (J), por ser cuantías excesivas y contrarias a derecho. Antes de dilucidar estos señalamientos, procede examinar los antecedentes del caso."*

### I

La Sra. Linda Virginia Gómez Ríos, su esposo el Sr. José Israel Santiago, por sí y en representación de la sociedad legal de gananciales integrada por ambos, presentaron una demanda contra el Estado Libre Asociado y otros, en la cual reclamaron compensación por los daños causados por el ambiente hostil creado por los actos de hostigamiento sexual contra la Sra. Gómez Ríos durante el curso de su empleo en una agencia gubernamental.

El tribunal *a quo* mediante sentencia sumaria parcial declaró con lugar la demanda, y decretó que el Estado Libre Asociado es responsable por los actos de hostigamiento sexual incurridos por un empleado del Departamento de Servicios Sociales de nombre Noel L. Llabreras Santiago contra otra empleada, la Sra. Gómez Ríos, durante el curso de su empleo en esa agencia. Luego de emitir ese dictamen parcial; tras la celebración de un juicio en el que se presentó prueba sobre los daños sufridos por los demandantes, el tribunal *a quo* dictó sentencia final. En dicha sentencia final el tribunal *a quo* adoptó por referencia la sentencia sumaria parcial que antes había dictado, y le impuso al Estado Libre Asociado la obligación de compensar a los demandantes por las siguientes sumas en concepto de daños:

*"A. A la SRA. LINDA VIRGINIA Gómez RIOS, por concepto de todos los daños y perjuicios antes relatados la suma de $25,000.00, más una suma igual al doble de dicho importe en virtud de 29 LPRA 155 (j) (1);*

*B. Al SR. ISRAEL SANTIAGO por todos los daños y perjuicios antes relatados la suma de $7,500.00;*

*C. A la sociedad de gananciales SANTIAGO Gómez, por concepto de lucro cesante $2,814.00."*

*Además, le impuso al Estado Libre Asociado la obligación de pagar las costas y la suma de $12,500.00 en concepto de honorarios de abogados.*

*Inconforme con esa sentencia, el Estado Libre Asociado recurrió al Tribunal Supremo de Puerto Rico con los siguientes señalamientos:*

*"A) Cometió error de derecho el Tribunal sentenciador el [sic] dictar una sentencia sumaria parcial improcedente en derecho por existir controversia real de hechos materiales y por no proceder como cuestión del derecho aplicable.*

*B) Cometió error de derecho el Tribunal sentenciador al imponer al Estado Libre Asociado de Puerto Rico el pago de "25,000.00 más una suma igual al doble de dicho importe" a la co-demandante Linda V. Gómez Ríos en contravención a lo dispuesto en el Art. 11 de la Ley Núm. 17 de 22 de abril de 1988."*

Mediante sentencia dictada el 18 de enero de 1994, el Tribunal Supremo revocó la sentencia recurrida y devolvió el caso al Tribunal de Primera Instancia para la continuación de los procedimientos. En su sentencia el Tribunal Supremo concluyó que el tribunal *a quo* incurrió en el primer error señalado, por lo que no consideró necesario discutir el segundo señalamiento.

El tribunal *a quo* procedió entonces a celebrar un juicio para recibir prueba únicamente sobre la cuestión de responsabilidad. Luego dictó sentencia, en la cual concluyó que el Estado Libre Asociado es responsable por el ambiente hostil creado por los actos de hostigamiento sexual de uno de sus empleados contra otra empleada, y declaró con lugar la demanda, concediendo a la parte demandante la siguiente compensación:

*"A. A la Sra. Linda Virginia Gómez Ríos, por concepto de todos los daños y perjuicios antes relatados la suma de $25,000.00, más la penalidad estatutaria en virtud de 29 L.P.R.A. 155 (j) (1);*

*B. Al Sr. José Israel Santiago por todos los daños y perjuicios antes relatados la suma de $7,500.00;*

*C. A la sociedad de gananciales Santiago Gómez, por concepto de lucro cesante $2,814.00, más la penalidad estatutaria en virtud de 29 L.P.R.A. sec. 155 (j) (1)."*

De esta sentencia el Estado Libre Asociado apela ante nos.

## II
### -A-

En su primer señalamiento, el Estado Libre Asociado plantea que al limitar el juicio a la cuestión de responsabilidad, el tribunal *a quo*, actuó en contra del mandato del Tribunal Supremo, el cual revocó y devolvió el caso para ulteriores procedimientos. El Estado Libre Asociado sostiene que era imprescindible que la vista sobre responsabilidad se celebrara junto a la de daños, porque así lo ordenó el Tribunal Supremo, y porque los daños debían determinarse a base del grado de culpa incurrida por el demandado. Además, sostiene que el tribunal *a quo* erró al adoptar las determinaciones sobre daños que se hicieron en la sentencia anterior, a pesar de que esa sentencia quedó sin efecto en virtud del dictamen del Tribunal Supremo. No le asiste la razón.

Hemos examinado la sentencia emitida por el Tribunal Supremo de Puerto Rico, en el caso de

autos, y consideramos que ésta no constituye un impedimento para que durante el juicio, el tribunal *a quo* se limitara a recibir únicamente prueba sobre la cuestión de responsabilidad. Los fundamentos, sobre los que el Tribunal Supremo apoyó su sentencia, se limitaron al uso inapropiado de la sentencia sumaria para disponer de la controversia en cuanto al aspecto de responsabilidad del patrono por el hostigamiento sexual de un empleado contra otra empleada. En particular, el Tribunal Supremo consideró que de los documentos que el tribunal *a quo* tuvo ante sí, no surgía con claridad que el Estado Libre Asociado hubiese faltado a su deber de tomar medidas inmediatas y apropiadas para corregir el ambiente hostil al que fue sometida la Sra. Gómez Ríos. El Tribunal Supremo concluyó que de los documentos que el tribunal *a quo* tuvo ante sí, surgían dudas sobre si el Estado Libre Asociado cumplió con su deber de adoptar medidas inmediatas y apropiadas para corregir la referida situación. ■

Este Tribunal no encuentra justificación para intervenir con la discreción ejercida por el tribunal *a quo* al limitarse a recibir únicamente prueba sobre la cuestión de responsabilidad. La Regla 38.2 de las de Procedimiento Civil dispone lo siguiente:

*"El tribunal por razón de conveniencia, o para evitar perjuicio, o para evitar gastos innecesarios, o para facilitar la más pronta terminación del litigio, podrá ordenar un juicio por separado de cualesquiera demandas, demandas contra coparte, reconvenciones, demandas contra tercero, o de cualesquiera cuestiones litigiosas independientes, y podrá dictar sentencia de acuerdo a lo dispuesto en la Regla 44.3."*

El propósito primordial de la Regla 38.2 es aligerar la adjudicación de los casos y evitar la litigación fragmentada de las controversias en un pleito. Sin embargo, cuando la bifurcación de un caso puede ayudar a que el procedimiento se aligere, el tribunal puede *motu proprio* o a petición de parte bifurcar las controversias. *Zorniak Air Services, Inc. v. The Cessna Aircraft Co., etc.*, **92 J.T.S. 167**; *Vellón v. Squibb Mfg., Inc.*, 117 D.P.R. 838, 858 (1986). Antes de dilucidar la bifurcación de las controversias al tribunal *a quo* le corresponde considerar: 1) si la controversia dispone del caso o de una parte sustancial del mismo; 2) si la prueba sobre responsabilidad es independiente a la de los daños; 3) si la bifurcación puede ayudar a que el procedimiento se aligere. De tal modo, el tribunal *a quo* tenía amplia discreción para conceder, o denegar un juicio por separado de cualesquiera cuestiones litigiosas independientes, basándose en los factores indicados; y ausente un craso abuso de discreción, este Tribunal no debe intervenir con el ejercicio de tal discreción. *Zorniak Air Services, Inc. v. The Cessna Aircraft Co., etc., supra*, pág. 10185; *Vellón v. Squibb Mfg., Inc., supra.*

En lo que concierne a la adopción de las determinaciones previas sobre la cuantía de los daños sufridos por los demandantes, este Tribunal tampoco encuentra justificación para intervenir. En la sentencia recurrida el tribunal *a quo* manifestó que tenía ante sí todos los elementos necesarios para concluir que procedía adoptar las determinaciones sobre daños hechas en la sentencia dictada el 18 de junio de 1993. El tribunal *a quo* señaló además que el Estado Libre Asociado no cuestionó a tiempo una orden emitida sobre el particular; no anunció prueba adicional de daños; la prueba de los demandantes fue objeto de un extenso contrainterrogatorio durante el juicio anterior; y no existe razón para obligar a la perjudicada a recordar y testificar sobre todo su sufrimiento por segunda vez.

La actuación del tribunal *a quo* constituye una solución justa, económica y rápida sobre este asunto, en consonancia con los fines que persiguen las Reglas de Procedimiento Civil. ■ No existe razón para dejarla sin efecto, máxime, si consideramos el mandato de la Regla 50 de las de Procedimiento Civil, en la cual se dispone que:

*"Ningún error en la admisión o exclusión de prueba y ningún error o defecto en cualquier decisión u orden, o en cualquier acto realizado u omitido por el tribunal, o por cualquiera de las partes, dará lugar a la concesión de un nuevo juicio, o a que se deje sin efecto, modifique, o de otro modo se altere una sentencia u orden a menos que el tribunal considere que la negativa a tomar tal acción resulta incompatible con la justicia sustancial durante el curso del procedimiento; el tribunal deberá hacer caso omiso de cualquier error o defecto en el mismo que no afecte los derechos sustanciales de las partes."*

-B-

En su segundo señalamiento, el Estado Libre Asociado plantea que el tribunal *a quo* erró al

imponerle el pago de $25,000.00 a la Sra. Gómez Ríos, más la penalidad estatutaria dispuesta en la Ley Núm. 17 de 22 de abril de 1988, 29 L.P.R.A. sec. 155(j)(1), y al conceder a la sociedad legal de gananciales Santiago Gómez la cantidad de $2,814.00, más la penalidad estatutaria dispuesta en la Ley Núm. 17. Además, plantea que las cuantías son excesivas y contrarias a derecho. Tampoco le asiste la razón.

El alcance del remedio concedido por la Ley Núm. 17 no ha sido objeto de consideración por el Tribunal Supremo. No así, el alcance de los remedios que conceden tanto la Ley Núm 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 146 *et seq.*, como la Ley Núm. 69 de 6 de julio de 1985, 29 L.P.R.A. sec. 1321 *et seq.* El esquema de compensación establecido en estas dos leyes que prohiben actuaciones discriminatorias de los patronos es casi idéntico entre sí. Véase *García Pagán v. Shiley Caribbean, etc.*, 122 D.P.R. 193 (1988); *Rivera Briceño v. Rodríguez,* **91 J.T.S. 103.** Así también puede afirmarse sobre el remedio establecido por la Ley Núm. 17, la cual establece que el hostigamiento sexual en el curso del empleo es una de las formas en que se manifiesta el discrimen por razón de sexo. Estas leyes tienen un mismo propósito: erradicar el discrimen por razón de género de todos los talleres de empleo. Para un estudio detallado sobre esta legislación véase, Informe Sobre el Discrimen por Razón de Género en los Tribunales de Puerto Rico (1995). Por tal razón, estas leyes deben ser interpretadas refiriéndose unas a las otras, de forma armoniosa; y así, evitar interpretaciones que conduzcan a resultados irrazonables o absurdos, o que den lugar a distinciones que carezcan de fundamento racional. Artículo 18 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 18; *García Pagán v. Shiley Caribbean,* etc., *supra.*

El Artículo 11 de la Ley Núm. 17 establece que toda persona responsable de hostigamiento sexual en el empleo incurrirá en responsabilidad civil:

*"(1) por una suma igual al doble del importe de los daños que el acto haya causado al empleado o aspirante de empleo, o*

*(2) por una suma, no menor de tres mil (3,000) dólares a discreción del tribunal, en aquellos casos que no se pudieren determinar daños pecuniarios."*

Este remedio es igual al establecido por la Ley Núm 100, y el remedio establecido por la Ley Núm. 69 cuando el tribunal determine que el demandante sufrió daños pecuniarios. Véase, Artículo 1 de la Ley Núm 100, 29 L.P.R.A. sec. 146; Artículo 21 de la Ley Núm. 69, 29 L.P.R.A. sec. 1341; Informe Conjunto de la Cámara de Representantes sobre el P. del S. 1437 de 23 de marzo de 1988, pág. 18.

El Tribunal Supremo ha interpretado que cuando las leyes Núm. 100 y Núm. 69 imponen responsabilidad civil, la compensación será por una-suma igual al doble del importe de los daños causados, y esto se refiere a todos los daños sufridos por la víctima, incluyendo daños y angustias mentales. *García Pagán v. Shiley Caribbean, etc. supra*; *Rivera Briceño v. Rodríguez, supra.* Asimismo, debe interpretarse el alcance del remedio dispuesto por la Ley Núm. 17.

El Artículo 11 de la Ley Núm. 17 dispone claramente que toda persona responsable de hostigamiento sexual incurrirá en responsabilidad por una suma igual al doble del importe de los daños que el acto haya causado. Al igual que bajo la Ley Núm. 100 y la Ley Núm. 69, según interpretadas por el Tribunal Supremo, los daños a que se refiere el Artículo 11 de la Ley Núm 17 son aquellos sufridos por la víctima, incluyendo los daños y angustias mentales. Conforme la sentencia apelada, la cuantía concedida por el tribunal *a quo* a la Sra. Gómez Ríos asciende a una suma igual al doble de los daños sufridos, los cuales el tribunal *a quo* cuantificó en $25,000, o sea $50,000. ■

Por otro lado, el Estado Libre Asociado también señala que el tribunal *a quo* erró al conceder la suma de $2,814.00 a la sociedad de gananciales Santiago Gómez por concepto de lucro cesante, más la suma igual dispuesta en el Artículo 11 de la Ley Núm. 17. El Estado Libre Asociado plantea que la concesión de la suma adicional no aplica a los daños alegadamente sufridos por la sociedad de gananciales constituida por la persona que sufre el hostigamiento sexual y su cónyuge.

Al dilucidar este planteamiento debemos guiarnos por la doctrina establecida por el Tribunal Supremo respecto a la compensación por lucro cesante al amparo de la Ley Núm. 100. Artículo 18 del

Código Civil de Puerto Rico, *supra*. La compensación que se concede al amparo de la Ley Núm. 100 incluye, entre otras, la pérdida económica según los ingresos y beneficios que un demandante deja de percibir desde la fecha del despido hasta la fecha de la sentencia. Esa compensación por ingresos dejados de percibir tiene el mismo carácter de gananciabilidad que se le atribuye al lucro cesante. *Maldonado Rodríguez v. Banco Central Corp.*, **95 J.T.S. 48.** El lucro cesante, se ha calificado como *"ingresos dejados de percibir".* En ese sentido, una reclamación referente a ingresos dejados de percibir está incluida en la categoría de lucro cesante. Siendo los salarios un elemento esencial de la relación obrero-patronal, se ha establecido que el lucro cesante está claramente incluido entre los daños compensables bajo la Ley Núm. 100. *Maldonado Rodríguez v. Banco Central Corp., supra.*

Al instar una acción bajo la Ley Núm. 100 un empleado casado implícitamente reclama en representación de su sociedad de gananciales las partidas que le correspondan a ésta. La imposición doble de dicha compensación que establece la ley, no desnaturaliza el carácter ganancial del lucro cesante. *Maldonado Rodríguez v. Banco Central Corp., supra.*

A tenor con lo expuesto, este Tribunal resuelve que no se cometió el error señalado; el lucro cesante está claramente comprendido entre los daños compensables bajo la Ley Núm. 17, y le es aplicable la suma igual adicional que establece la Ley. De este modo, si el lucro cesante asciende a $2,814.00, procede una compensación a la Sociedad de Gananciales equivalente a $5,528.00. Artículo 11 de la ley Núm. 17, 29 L.P.R.A. sec. 155(j)(i).

Por último, este Tribunal no considera meritorio el señalamiento de que la prueba desfilada no justifica las cuantías concedidas por el tribunal *a quo*. En ausencia de demostración de prejuicio, parcialidad o error manifiesto, este Tribunal no intervendrá con la determinación del tribunal *a quo*.

La gestión judicial de estimación y valoración de daños es particularmente difícil; no existe un sistema mecánico que permita llegar a un resultado exacto en relación con el cual se pueda asegurar que todas las partes queden satisfechas y complacidas. De ordinario, los tribunales de primera instancia están en una mejor posición que los tribunales apelativos para evaluar la cuantía de los daños ya que éstos son los que tienen contacto directo con la prueba que presenta la parte que los reclama. Por esta razón, existe una norma de abstención judicial que dispone que no debe intervenirse con las determinaciones de daños hechas por los tribunales de primera instancia a menos que las cuantías concedidas sean *"ridículamente bajas o exageradamente altas".* *Vélez Rodríguez v. Amaro Cora,* **95 J.T.S. 38**; *Rodríguez Cancel v. A.E.E.,* 116 D.P.R. 443, 451 (1985); *Urrutia v. A.A.A.* 103 D.P.R. 643 (1975); *Valdejuli Rodríguez v. A.A.A.,* 99 D.P.R. 917 (1971).

La parte que solicita la modificación de las sumas concedidas por un tribunal de primera instancia en concepto de daños, tiene que demostrarle al tribunal apelativo la existencia de circunstancias especiales que así lo requieren. *Vélez Rodríguez v. Amaro Cora, supra*; *Canales Velázquez v. Rosario Quiles,* 107 D.P.R. 757 (1978).

En el caso de autos, el Estado Libre Asociado no ha demostrado circunstancias especiales que ameriten que las cuantías concedidas por el tribunal *a quo* sean modificadas o reducidas. Tampoco ha puesto a este Tribunal en condiciones de hacer su propia evaluación y determinación. ■ Acorde con la deferencia que, de ordinario, merece la estimación de daños efectuada por el tribunal *a quo*, este Tribunal se abstiene de intervenir con tales determinaciones. *Vélez Rodríguez v. Amaro Cora, supra*; *Chico v. Editorial Ponce Inc.,* 101 D.P.R. 759, 780 (1973).

Por los fundamentos anteriormente expuestos, se confirma la sentencia dictada por el tribunal *a quo*.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

**1.** El Tribunal Supremo menciona el hecho de que ya se había celebrado una vista en la cual se desfiló prueba testifical y pericial sobre los daños sufridos por los demandantes. Véase, Sentencia, págs. 93-94 del Apéndice Conjunto.

**2.** En *Sucn. Osorio v. Osorio,* 102 D.P.R. 249 (1974), se cuestiona la actuación del Tribunal de Primera Instancia al no especificar los hechos probados, y separadamente consignar las conclusiones de derecho; en la sentencia de la cual se recurría no se formularon determinaciones de hecho, sino que se adoptaron las formuladas en una sentencia anterior, que fue dejada sin efecto, El Tribunal Supremo resolvió que la adopción por un tribunal de las determinaciones de hecho y las conclusiones de derecho formuladas en una sentencia anterior, la cual fue dejada sin efecto para darle oportunidad al demandado a presentar su prueba, no violaba, ni la letra, ni el espíritu de la Regla 43.1 de las de Procedimiento Civil de 1958.

**3.** En el escrito de apelación presentado por el Estado Libre Asociado a la pág. 9, se argumenta erróneamente que el tribunal *a quo* le impuso la obligación de pagar a la Sra. Gómez Ríos *"la suma de $25,000.00 más una suma igual al doble de dicho importe; lo que equivale a concederle una compensación triple".* Advertimos que la sentencia que fue dejada sin efecto por el Tribunal Supremo sí concedía como compensación a la Sra. Gómez Ríos *"la suma de $25,000.00, más una suma igual al doble de dicho importe en virtud de 29 LPRA 155 (j) (1)".* En el recurso presentado por el Estado Libre Asociado ante el Tribunal Supremo se cuestionó dicho proceder pero el Tribunal Supremo consideró innecesario discutirlo, en vista de la conclusión a la que había llegado. No entendemos por qué el Estado Libre Asociado reitera tal argumento en el escrito de apelación presentado en este caso.

**4.** El Estado Libre Asociado no justificó la necesidad de una exposición narrativa, según este Tribunal le ordenara. Por el *contrario, argumentó que no era necesaria, como aducía la parte apelada. Según el Estado Libre Asociado, su posición "implicaba dar por ciertas y correctas las determinaciones de hecho de la sentencia del tribunal de instancia, reduciendo así la controversia sobre las cuantías otorgadas en compensación por los daños a una estrictamente de derecho a la luz de la Ley Núm. 17...."* Véase Réplica a oposición al recurso de apelación y o desestimación, 13 de noviembre de 1995, pág. 5; Moción en cumplimiento de orden de 5 de diciembre de 1995, pág.2. Las determinaciones de hecho del tribunal *a quo* ponen de manifiesto la extensión, continuidad e intensidad del hostigamiento sexual del que fue víctima la Sra. Gómez Ríos. Ello, en unión a la prueba de daños presentada y creída por el tribunal *a quo,* permite concluir que la prueba desfilada en efecto justifica las cuantías concedidas y que las mismas no son exageradas.