ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSÉ D. SANTIAGO TORRES<br><br>Apelante<br><br>v.<br><br>YAUCO HEALTHCARE CORPORATION Y OTROS<br><br>Apelados | KLAN202400812 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: SJ2019CV11673<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 13 de septiembre de 2024.

El señor José D. Santiago Torres, mediante recurso de Apelación, nos solicita que revisemos una Resolución que emitió el Tribunal de Primera Instancia, Sala de Ponce el 19 de agosto de 2024, la que fue notificada a las partes el 20 de agosto de 2024. Mediante referida decisión el foro primario decretó No Ha Lugar a dos Reconsideraciones presentada la primera el 12 de abril de 2024 y la segunda el 16 de mayo de 2024 por el Apelante contra la Sentencia Parcial, entrada 219 del Expediente en SUMAC, dictada el 11 de abril de 2024 y notificada el 12 de abril de 2024 y contra las órdenes del Tribunal del 30 de abril de 2024, y notificadas el 7 de mayo de 2024.

El recurso incoado contra las órdenes del 30 de abril de 2024 debió traerse como uno de *certiorari* por tratarse de la revisión de órdenes interlocutorias, pero *Denegamos* la expedición de ese recurso presentado contra dichas Órdenes pues ya nos

expresamos sobre ese asunto en la Resolución del 10 de mayo de 2024 que ya advino final y firme[1]. La sola mención de ese asunto en esta Apelación contra una Sentencia Parcial, es pretender que este Tribunal de Apelaciones entre de nuevo en lo que ya atendió, que, al advenir final y firme, se volvió la Ley del caso. No vemos necesario emitir un Resolución separada y denegamos la atención del recurso unido a esta apelación que pretende volver a atender lo que ya nos expresamos en la resolución en este mismo caso del pasado 10 de mayo de 2024.

Sobre el Recurso contra la Sentencia Parcial, decretamos la desestimación del Recurso, por los fundamentos que exponemos a continuación.

**I.**

Procedemos a reseñar el tracto procesal según narrados en Resolución que antes atendimos de este mismo asunto. También tomamos en consideración los documentos unidos al recurso y el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B.

El 7 de noviembre de 2019 el Sr. Santiago Torres presentó una Demanda en daños y perjuicios, por derecho propio, contra la Aseguradora de Responsabilidad Pública de Yauco Healthcare Corporation, Yauco Healthcare Corporation, el Hospital de Damas de Ponce y otros. El 18 de septiembre de 2023 presentó una Demanda Enmendada bajo el título: Demanda Enmendada

---

[1] Ver Resolución del 10 de mayo de 2024 en caso KLAN202400430, contra la cual se presentó Recurso denominado de Apelación ante el Tribunal Supremo de Puerto Rico, al que se le dio el número AC-2024-0040 y se atendó como solicitud de Certiorari y se denegó y ya advino final y firme dicha Resolución antes mencionada.

Adicionando Alegaciones vs. Liberty Mutual, como asegurador por responsabilidad pública de "Hospital de Ponce".

En la demanda alegó que se le aplicó la Ley 408 (Ley de Salud Mental de Puerto Rico de 2 de octubre de 2000, 24 LPRA secs. 6152 et seq.), conduciéndolo primero por días a un hospital no psiquiátrico (Damas) y varios días después a otro psiquiátrico. Mencionó que en ese proceso fue inyectado involuntariamente, sedado y abusado, sufriendo laceraciones. Luego de ahí fue transferido al Hospital Metropolitano, donde fue mantenido luego de haber expirado las primeras 24 horas de la orden 408.

Luego de otros trámites procesales, el 7 de abril de 2024, notificada el 9 de abril, el foro primario emitió una Resolución en la cual decretó lo siguiente:

> La parte demandante ha demostrado ciertas dificultades en el manejo de caso por derecho propio, que cuestionan que pueda representarse de manera decuada [sic]. En interés de salvaguardar sus derechos y conforme a la Regla 9.4 (c)(e) de las de Procedimiento Civil, se suspende la autorepresentación a José Dioscoride Santiago Torres y se le ordena que contrate un abogado en un plaza [sic] de 30 días, para la continuación de los procedimientos.[2]

Entretanto, los días 9 de abril de 2023, el señor Santiago Torres, presentó un escrito dirigido a la Honorable Administradora del Centro Judicial de Ponce, para que se le expidan ciertos emplazamientos.[3] El señor Santiago Torres presentó otros escritos dirigidos a la Juez Administradora del Centro Judicial de Ponce.[4] Luego de otros trámites procesales, el 22 de abril de 2024 el foro primario, al atender una *Moción de Reconsideración de Sentencia Parcial del 11 de abril de 2024*, dispuso que "la parte

---

[2] Apéndice 1 del recurso en el caso KLAN202400430.
[3] Apéndice 7 del recurso en el caso KLAN202400430.
[4] Apéndices 8 y 9 del recurso en el caso KLAN202400430.

debe cumplir con la Regla 9.4 de Procedimiento Civil, se le ha ordenado que tiene que contratar un abogado para que continúen los procedimientos."[5]

En desacuerdo con la decisión emitida el 7 de abril de 2024, el 2 de mayo, el señor Santiago Torres presentó ese recurso de apelación ante este Tribunal de Apelaciones. Allí señaló como único error que "*el Tribunal falta a la Constitución y al debido proceso de ley, privándolo de su derecho constitucional a la autorrepresentación, sin causa alguna*".

Tras evaluar el recurso, para lograr el más eficiente despacho del asunto, prescindimos de solicitar ulteriores escritos no jurisdiccionales a tenor con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B y denegamos la expedición de ese reclamo mediante la Resolución del 10 de mayo de 2024 en caso KLAN202400430.

El pasado 9 de septiembre de 2024, dentro de este Recurso de Apelación, la parte apelante presenta Moción Informativa y de Enmienda a la Apelación. No vemos en esta ninguna alegación que constituya una enmienda y solo un reclamo que ahora están acompañando copia de la Sentencia Parcial completa.

La parte apelante presentó esta Apelación contra la Sentencia parcial del 11 de abril de 2024, el pasado 3 de septiembre de 2024. Como ya dijimos, también recurre en el mismo escrito, contra Ordenes del 30 de abril de 2024 que le fueron notificadas el 7 de mayo de 2024 pero no las incluye en el Apéndice ni las discute en el recurso de Apelación y una búsqueda en SUMAC detalla que son órdenes sobre el asunto que se atendió

---

[5] Apéndice 10 del recurso en el caso KLAN202400430.

en nuestra Resolución del 10 de mayo del 2024, por lo que no procede atender más ese asunto.

El Recurso de Apelación plantea como error:

El Tribunal, NO EJERCE SUS DEBERES

CONSTITUCIONALES

Veamos el derecho aplicable.

## II.

## A.

La Regla 52.2(a) de Procedimiento Civil de Puerto Rico establece:

> Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.[6]

Por otro lado, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones dispone que "[l]as apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia".[7]

Ahora bien, existen varios mecanismos procesales que interrumpen el término para acudir a este tribunal apelativo mediante el recurso de apelación o certiorari. Entre estos mecanismos se encuentra la moción de reconsideración.

La regla 47 de las de Procedimiento Civil reglamenta la Moción de Reconsideración[8]. Dicha regla dispone y citamos:

### Regla 47.  Reconsideración

La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá,

---

[6] 32 LPRA Ap. V, R. 52.2 (a).
[7] 4 LPRA, Ap. XXII-B.
[8] 32 LPRA Ap. V, R. 47.

dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones_sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.

Esta regla refleja un sustancial número de cambios de su antecesora, la Regla 47 de las Reglas de Procedimiento Civil de 1979, según enmendadas. La discusión de los cambios que aquí presentamos se limita a los cambios que impactan el presente caso, o sea los párrafos 3, 4 y 5, y no reflejan la totalidad de los cambios.

El primer cambio que impacta la interpretación de la Regla 47, *supra*, proviene del texto de la Regla 43.1 de Procedimiento Civil de 2009[9], que sustituye la Regla 43.3 de 1979. Bajo las

---

[9] 32 LPRA Ap. V, R. 43.1.

nuevas reglas, si se interesa presentar una solicitud de enmiendas o determinaciones iniciales o adicionales y, además, se interesa solicitar reconsideración o nuevo juicio, la solicitud ha de hacerse en una misma moción. Al presentarse en una misma moción, se facilita que el tribunal reaccione a estas solicitudes simultáneamente. Para facilitar lo anterior se uniformó el término para presentar los tres tipos de solicitudes a quince (15) días desde el archivo en autos de la notificación de la sentencia.

El cambio de mayor impacto podría ser el incluido en los párrafos tres (3) y cuatro (4), *supra*. Observamos que existe un sustancial paralelismo entre el párrafo tres (3) de la Regla 47 de 2009, *supra*, y el primer párrafo de la Regla 43.2 de 2009[10]. En cuanto la moción de enmiendas o determinaciones iniciales o adicionales, la Regla 43.2 dispone:

> La moción de enmiendas o determinaciones iniciales o adicionales deberá exponer con suficiente particularidad y especificidad los hechos que la parte promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales. (Énfasis suplido.)

El tercer párrafo de la Regla 47, *supra*, dispone:

> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. (Énfasis suplido.)

La Regla 47 del 2009 incorporó en el cuarto párrafo uno de los aspectos principales que antes había sido resuelto respecto a la moción de determinaciones adicionales en *Andino v. Topeka*, 142 D.P.R. 933 (1997), a saber, que, si no se cumple con los

---

[10] 32 LPRA Ap. V, R. 43.2.

requisitos en cuanto al contenido de la moción, la mera presentación de la solicitud no interrumpe el término para acudir en alzada. A esos efectos, el cuarto párrafo de la Regla 47 de 2009, supra, dispone:

> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir. (Énfasis suplido.)

Dado su importancia para exponer adecuadamente esta explicación de derecho procesal de reconsideración, citaremos *in extenso* de *Andino v. Topeka, supra*. A las páginas 937-938 de ésta, el Tribunal expuso:

> En apariencia, las Reglas 43.3 y 43.4 de Procedimiento Civil [de 1979][11] no visualizan otro requisito interruptor que no sea presentar dicha moción dentro de diez (10) días. No obstante, esa interpretación no armoniza con el principio rector procesal que inspira la solución justa, rápida y

---

[11] Respectivamente rezan:

"No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo con las Reglas 47 y 48 respectivamente. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente, aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior; o no haya presentado moción para enmendarlas, o no haya solicitado sentencia." 32 L.P.R.A. Ap. III, R. 43.3.

"Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53, para todas las partes. Estos términos comenzarán a correr nuevamente tan pronto se archiva en autos copia de la notificación de las determinaciones y conclusiones solicitadas." 32 L.P.R.A. Ap. III, R. 43.4.

económica de todo pleito. Regla 1, Procedimiento Civil, 32 L.P.R.A. Ap. III.

El reputado Tribunal de Circuito de Apelaciones profundizó en el espíritu de las reglas y estimó que para una solicitud de determinaciones adicionales interrumpir el término apelativo, no basta que su título exprese que se piden tales determinaciones de hechos o de derecho, sino que debe contener una relación, aunque sea sucinta, de cuáles son los hechos que a juicio del promovente no han sido determinados por el tribunal sentenciador, cuando deben serlo. Compartimos ese criterio.

Las determinaciones de hecho en una sentencia de un tribunal de instancia responden a unos axiomas elementales vinculados con la difícil tarea de hacer justicia, a saber, *los hechos determinan el derecho* y *para juzgar hay que conocer*. Una sentencia bien explicada, (tanto en sus hechos como en sus fundamentos de derecho), tiende a reducir el riesgo de arbitrariedad judicial, evita la sensación de elemento misterioso, obliga al juez a penetrar en un proceso reflexivo de inteligencia y, promueve un mejor entendimiento y respeto hacia los tribunales. También, ayuda a los abogados y partes afectadas a entender el porqué de la decisión. Así, éstos pueden, mejor informados, decidir si la revisan o la aceptan. La experiencia nos enseña que, dentro de ciertos límites, puede discreparse de una apreciación fáctica o que hay espacio para una interpretación jurídica distinta; lo importante es evitar que prevalezcan dictámenes judiciales caprichosos, faltos de fundamentos o hijos de la irreflexión. Más allá de esa instancia, una sentencia explicada y fundamentada facilita la función revisora del foro apelativo al presentarle el cuadro fáctico claro que nutrió la conciencia judicial del juzgador. *García v. Dávila Díaz y otros,* 140 D.P.R. 83 (1996); *Sucn. Osorio v. Osorio*, 102 D.P.R. 249, 251 (1974); *Firpi v. Pan American World Airways, Inc.*, 89 D.P.R. 197, 218 (1963). Véase, además, Wright & Miller, *9A Federal Practice & Procedure: Civil*, sec. 2571 (1995). Finalmente, promueve la uniformidad, pues la formulación de razones y fundamentos estimula, que, en la dinámica decisoria, los jueces utilicemos criterios análogos para situaciones similares o sustancialmente parecidas.

En *Vega et al. v. Telefónica de P.R.*, 156 D.P.R. 584, 596-597 (2002), el Tribunal aplicó los criterios enunciados en *Andino v. Topeka, supra*, y resolvió que la moción presentada cumplía con

los requisitos, por lo que había interrumpido el término para acudir en alzada[12].  A esos efectos aclaró que:

> En el caso de *Andino* se trataba de una moción solicitando determinaciones de hecho y conclusiones de derecho presentada conjuntamente con una moción de reconsideración, tal y como lo hicieron los señores Vega-Reyes en el caso de marras.  En aquella oportunidad determinamos que la moción solicitando determinaciones de hecho y derecho no tuvo efecto interruptor, dado que, excepto por el título de la moción, nada en el escrito indicaba qué determinaciones de hecho y derecho adicionales se estaban solicitando, <u>ni se alegaba la pertinencia de las mismas para revisar la sentencia apelada</u>. (Énfasis suplido.)

> La situación de *Andino* es distinguible del caso de autos.  A poco examinamos la moción presentada por los demandantes, nos damos cuenta que la misma está fundamentada, expone las determinaciones de hecho <u>específicamente solicitadas, y la pertinencia que, según los demandantes, éstas determinaciones adicionales tenían para la evaluación de la sentencia por el tribunal apelativo</u>.  El hecho de que el tribunal de instancia declarase sin lugar dicha moción no significa que ésta fuese claramente inmeritoria o hecha con el propósito de extender los términos de revisión de carácter jurisdiccional.  De ser así, habría que considerar que toda moción solicitando determinaciones de hecho y conclusiones de derecho adicionales no interrumpe el término para revisar la sentencia si el tribunal la declara sin lugar.  Esta interpretación es obviamente contraria al texto mismo de la Regla 43 y a nuestra jurisprudencia interpretando la misma.

En resumen, en *Andino v. Topeka, supra*, el Tribunal Supremo adoptó como norma que para determinar si una moción post sentencia interrumpió los términos para acudir en alzada, se debía examinar el contenido de ésta.  Se requiere que el contenido exponga en forma específica cual determinación de hecho o conclusión de derecho debe añadirse, eliminarse o modificarse y alegarse en forma clara como los cambios solicitados conllevarían

---

[12] Véase, además, *García v. Hormigonera Mayagüezana*, 172 D.P.R. 1 (2007), como otro ejemplo de una situación en el cual el Tribunal Supremo resolvió que el contenido de la moción de determinaciones de hechos adicionales cumplía con el requisito respecto el contenido de ésta, por lo que su presentación interrumpió el término.

una disposición del caso diferente a la adoptada en la sentencia. No se necesita que el TPI adopte los cambios solicitados, solamente se necesita una <u>exposición particularizada</u> y clara de los cambios solicitados y que los referidos cambios incidan sobre cuestiones sustanciales y materiales, tales que si se adoptan los cambios solicitados se debe modificar la disposición del caso (<u>pertinencia a la disposición del caso</u>).

Al considerar el impacto del hecho de que añadieran los párrafos 3 y 4 a la Regla 47 de 2009, somos de la opinión que el Tribunal Supremo y la Legislatura incorporaron los aspectos significativos de la doctrina de *Andino v. Topeka, supra*, a la Regla 47 de 2009, *supra*. Bajo la vigente Regla 47, para que la solicitud de reconsideración paralice el término para acudir en alzada, en ésta se han de <u>exponer con suficiente particularidad y especificidad los hechos y el derecho cuya modificación se solicita</u>. Estos cambios deberán reflejar <u>cuestiones sustanciales</u>, <u>asuntos materiales y pertinentes a la disposición de la demanda</u> y los remedios incluidos en la sentencia.

Según surge del lenguaje de la Regla 47, una vez se presenta oportunamente una moción de reconsideración que cumple con todos los requisitos allí dispuestos, los términos para recurrir de la sentencia quedan interrumpidos hasta que el Tribunal de Primera Instancia la resuelva. En tal caso, el término para recurrir mediante el recurso de apelación comenzará a transcurrir a partir de la notificación de la resolución adjudicando la moción de determinaciones de hechos adicionales y/o de reconsideración. <u>Caro Ortiz</u> v. <u>Cardona Rivera</u>, 158 DPR 592, 603 (2003); <u>Castro Martínez</u> v. <u>Sergio Estrada Auto Sales</u>, Inc., 149 DPR 213, 221 (1999). Cuando la Moción de Reconsideración no cumple con los criterios que dispone esa Regla y la interpretación

de esta, procede declararla No Ha Lugar, y nunca se interrumpió el término para acudir en alzada.

**B.**

La Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, le confiere autoridad al Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

. . . . . . .

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción;**

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. [Énfasis nuestro].

. . . . . . . .[13]

La jurisdicción es la autoridad que tienen los foros judiciales para atender controversias con efecto vinculante para las partes, por lo que el incumplimiento con estos requisitos impide que el Tribunal de Apelaciones pueda atender la controversia que se le presenta. Pérez Soto v. Cantera Pérez, Inc. y otros, 188 DPR 98 (2013).

---

[13] 4 LPRA Ap. XXII–B, R. 83 (B) y (C).

Los tribunales estamos llamados a ser guardianes de la jurisdicción que nos autoriza entender en los méritos de un caso. Carattini v. Collazo Systems Analysis, Inc., 158 DPR 345 (2003); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). "Las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras". S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007); Vega et al. v. Telefónica, 156 DPR 584, 595 (2002). Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997). Tampoco le es posible a las partes conferirle jurisdicción a un tribunal de apelaciones ni puede ser subsanada. Martínez v. Junta de Planificación, 109 DPR 839, 842 (1980); Maldonado v. Pichardo, 104 DPR 778, 782 (1976).

Como tal, la presentación de un recurso tardío carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido justificación para el ejercicio de la autoridad judicial para acogerlo. *Véase*, Szendrey v. F. Castillo, *supra*; Juliá et al. v. Epifanio Vidal, S.E., 153 DPR 357 (2001); Rodríguez v. Zegarra, 150 DPR 644 (2000).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal de apelaciones, sino que es nuestro deber levantarlo motu proprio. Morán Ríos v. Martí Bardisona, 165 DPR 356, (2005). Cuando un tribunal no tiene jurisdicción para entrar en los méritos de un pleito lo único que procede en derecho es desestimar el recurso. Souffront et. al v. A.A.A., 164 DPR 663 (2005).

### III.

En otro escueto recurso, el señor Santiago Torres señala que está inconforme con la Sentencia del foro primario del 11 de abril de 2024, mediante la cual se declaró Ha Lugar la Moción de

Desestimación presentada por Liberty Mutual Insurance Company, con la consecuencia de que se desestimó la demanda contra esta.

En el señalamiento de error, el peticionario nuevamente se limitó a expresar que el tribunal no ejerce sus deberes constitucionales. No obstante, no realizó una discusión de los errores señalados, ni aludió a jurisprudencia o a derecho alguno para sustentar su alegación, según lo exige la Regla 34 (C) de nuestro Reglamento. Además de ello, el apéndice estaba incompleto, pues no incluyó las órdenes del 30 de abril de 2024, y que al verlas en SUMAC nos percatamos que trataban sobre lo evaluado en nuestra Resolución del pasado 10 de mayo, que como explicamos ya advino final y firme. La realidad es que este recurso tampoco estuvo debidamente perfeccionado.

Independientemente a ello, la determinación del foro primario de declarar No Ha Lugar las escuetas Mociones de Reconsideración que presentó el Apelante, tuvo el efecto de mantener vigente la Sentencia Parcial del 11 de abril de 2024 y esas Mociones de Reconsideración que tuvo ante sí el TPI, no cumplen con las disposiciones de la Regla 47 de las de Procedimiento Civil vigentes, supra, para paralizar los términos de una Apelación.

La parte Apelante presentó dos Mociones que tituló de Reconsideración. La primera fue el 12 de abril de 2024 y la misma, en su parte pertinente dice y la citamos íntegra por lo corta que es. Veamos:

1. Que los hechos, indican claramente, que nunca se expidieron tales emplazamientos, muestre el Tribunal la dirección los envió la notificación, las copias, día y fecha los notificó al demandante.

2. Que este caso se radicó en San Juan, y no le notificaron tales emplazamientos al demandante.

3. Que una vez aparezcan tales evidencias, de que existieron, véase a donde los notificaron, y que juez los expidió.

4. Que, al no existir en poder del demandante, no podía diligenciarlos.

5. Que la Sentencia, no exime a Damas de sus responsabilidades, solo libera a Liberty respecto al demandante, por asegurar a Damas, quien originó y cometió los daños.

6. Que igualmente no libera al Metropolitano de Yauco, de sus responsabilidades, aún sin considerar a Continental.

7. Que se solicita reconsideración a su vez de la determinación de suspensión de postular por derecho propio.

No encontramos en esos reclamos antes transcritos, las alegaciones requeridas para que esa moción de Reconsideración se considere que interrumpió el término para apelar.

Veamos ahora la segunda Moción de Reconsideración que presentó el 16 de mayo de 2024:

1. Que este Hon. Tribunal carece de jurisdicción para determinar que el demandante deberá comparecer el 3 de junio con representación legal por estar en Apelación la Resolución de suspensión de derecho propio y de comparecer con abogado, E IGUALMENTE PARA APERCIBIR AL DEMANDANTE DE QUE TIENE QUE CONTRATAR ABOGADO.

2. Que este Tribunal carece además de jurisdicción por estar en Apelación su Sentencia, la cual se dictó bajo las premisas de alegatos por SUMAC, de parte de Lyberty y el Juez le siguió la corriente y dictó Sentencia inconstitucional, por SUMAC ser ilegal para con el Demandante, el demandante no se entera de nada por SUMAC, NUNCA SE EXPIDIERON LOS EMPLAZAMIENTOS.

Esta tampoco contiene el mínimo de reclamos como para considerarla que paralizó el término requerido para apelar.

La realidad es que dichas Mociones, nunca interrumpieron el término para presentar esta Apelación, por lo que la misma se presentó ante este foro, fuera del término que requiere el ordenamiento vigente y ello priva de jurisdicción a este Tribunal para atenderla. Como antes explicamos, si no se cumple con los requisitos en cuanto al contenido de la moción de reconsideración, la mera presentación de la misma, no interrumpe el término para acudir en alzada.

La parte apelante presentó esta Apelación contra la Sentencia parcial del 11 de abril de 2024, notificada el 12 de abril de 2024, el pasado 3 de septiembre de 2024. Ya había transcurrido el término para apelar pues sus mociones de Reconsideración no paralizaron el término que nació cuando se notificó la Sentencia Parcial.

Es decir, el señor Santiago Torres no interrumpió el plazo jurisdiccional para acudir en apelación de la referida Sentencia Parcial. Por lo tanto, procede desestimar el recurso por falta de jurisdicción al presentarse tardíamente.

**IV**.

Por los fundamentos antes expuestos, se desestima el Recurso por Falta de Jurisdicción por presentarse tardíamente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones