SALVADOR TORRES GARCÍA, demandante y peticionario, *v.* FLAVIA DÁVILA DÍAZ y OTROS, demandados y recurridos.

*Número:* CC-95-145          *Resuelto:* 22 de febrero de 1996

*Miguel A. Cintrón Quirós,* abogado de la parte peticionaria.

PER CURIAM: El Sr. Salvador Torres García nos solicita que revoquemos una sentencia del Tribunal de Circuito de Apelaciones, Región I de San Juan, que confirmó la resolución del Tribunal de Primera Instancia, la cual denegó la solicitud de relevo de pensión alimentaria del peticionario. Como la resolución del Tribunal de Primera Instancia adolece de determinaciones específicas sobre las condiciones económicas del peticionario que sostengan su dictamen, el Tribunal de Circuito de Apelaciones erró al confirmar esa decisión. Procede revocar la sentencia recurrida sin ulterior trámite en conformidad con la Regla 54 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI.

I

El Sr. Salvador Torres García procreó tres (3) hijos con la Sra. Flavia Dávila Díaz, entre ellos, Salvador Torres Dávila, quien, a la fecha de la controversia de autos, tenía veintidós (22) años de edad. Desde que se divorció de la señora Dávila Díaz, Torres García ha cumplido fielmente con el pago de la pensión alimentaria de sus hijos. Aunque, cuando ocurrió el divorcio Torres García trabajaba en la Autoridad de las Navieras, hace varios años está acogido a los beneficios del Seguro Social por incapacidad física. Como él estaba pensionado, el programa también le extendió beneficios a sus hijos hasta que cumplieron dieciocho (18) años de edad.

Cuando Salvador Torres Dávila cumplió los dieciocho (18) años de edad, el Seguro Social suspendió los beneficios. No obstante, su padre se obligó a continuar pagando la pensión alimentaria, mientras el joven estudiaba ingeniería electrónica en la Universidad Politécnica de Puerto Rico. En ese momento, Torres García informó al Tribunal de Primera Instancia que, aunque estaba incapacitado para trabajar, su esposa lo ayudaría a cumplir con esta obligación. Para esa fecha ella trabajaba como ayudante de contabilidad y, además, era costurera y recibía un ingreso de mil doscientos dólares ($1,200) mensuales.

El joven Torres Dávila continuó sus estudios universitarios, pero al cumplir la mayoría de edad su padre solicitó al tribunal que lo relevara del pago mensual de pensión alimentaria. En los escritos sometidos para apoyar su solicitud, Torres García señaló que sus ingresos no eran suficientes para cumplir con sus obligaciones, principalmente porque su esposa no estaba trabajando. También informó que a través de los años agotó sus ahorros. Sostuvo que su esposa anterior devengaba suficientes ingresos para sufragar los gastos educativos del joven Torres Dávila. A esta petición se opusieron tanto éste como su madre.

Después de varios incidentes procesales, el tribunal de instancia celebró una vista para examinar los méritos de la petición. En esa ocasión, tanto el padre como el hijo testificaron. Luego de celebrar la vista, el foro de instancia denegó la petición de relevo. En su escueta resolución, dicho foro concluyó que la situación económica del peticionario no había cambiado y que podía pagar la pensión alimentaria del joven.

Inconforme con este dictamen, el peticionario acudió al Tribunal de Circuito de Apelaciones. Dicho foro apelativo confirmó la resolución recurrida con una breve sentencia en la cual afirmaron que estaban "convencidos que el tribunal a quo actuó correctamente al denegar la rebaja solicitada".

Como el peticionario tampoco estaba conforme con esta decisión, recurrió ante nos mediante un recurso de *certiorari*.

## II

Una evaluación de los documentos sometidos por el peticionario, incluidas la resolución del Tribunal de Primera Instancia y la sentencia del Tribunal de Circuito de Apelaciones, nos ha convencido que los hechos particulares de este caso requerían que el Tribunal de Circuito de Apelaciones tuviera el beneficio de unas determinaciones de hecho del tribunal a quo que justificaran su conclusión de que el peticionario podía pagar la pensión "sin dificultad alguna". Como el Tribunal de Primera Instancia no detalló en su dictamen los hechos probados sobre la condición económica del peticionario, el Tribunal de Circuito de Apelaciones no podía cumplir adecuadamente con su función revisora de evaluar si se actuó con corrección al denegar la solicitud de relevo de pensión alimentaria.

Al resolver controversias relativas a las pensiones alimentarias, los tribunales de instancia adjudican en forma

final cuestiones de hecho y derecho que en muchas ocasiones tienen que ser revisadas por los foros apelativos. Para poder descargar responsablemente nuestra función apelativa es necesario que los tribunales de instancia formulen las determinaciones de hecho de forma que nos permitan estar debidamente informados de los fundamentos de la decisión. Aunque no se requiere que en las decisiones se incluyan detalles innecesarios y minuciosos, los tribunales de instancia facilitan la función revisora del Tribunal de Circuito de Apelaciones y de esta Curia, si consignan cuidadosa y completamente los fundamentos de sus decisiones.

Como en el caso de autos el Tribunal de Primera Instancia adjudicó la controversia medular con una conclusión que no tiene determinaciones específicas de hecho, procede que al amparo de la Regla 54 del Reglamento de este Tribunal, *supra*, revoquemos el dictamen recurrido sin ulteriores procedimientos. Además, devolvemos el caso al Tribunal de Circuito de Apelaciones, Región I de San Juan, para que dicho foro ordene al Tribunal de Primera Instancia que elabore las determinaciones de hecho que dieron lugar a las conclusiones de derecho en el caso de autos. De esta manera, el Tribunal de Circuito de Apelaciones podrá estar en posición de revisar adecuadamente la resolución recurrida y determinar si el tribunal a quo cometió el error señalado en el recurso apelativo.

En estas circunstancias, se expide el auto de *certiorari* y se dicta sentencia para revocar el dictamen recurrido. Se devuelve el caso al Tribunal de Circuito de Apelaciones para que se continúen los procedimiento apelativos a tenor con estos pronunciamientos.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López no intervino.