# 2009 DTA 135

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL VII**

LUZ D. CRUZ RODRÍGUEZ
Demandante-Recurrida

v.

FELIX ANTONIO BERRÍOS PIÑA
Demandado-Peticionario

Núm.KLCE-2008-00465

San Juan, Puerto Rico, a 30 de septiembre de 2009

Panel integrado por su Presidente, el Juez Rivera Román,
y los Jueces Coll Martí y Vizcarrondo Irizarry

Rivera Román, Juez Ponente

██

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el señor Félix Antonio Berríos y alega que el Tribunal de Primera Instancia erró al dictar una escueta resolución de *como se pide* en torno a una moción de Orden de Protección presentada por la señora Luz Delia Rodríguez. La resolución se relaciona con ciertas preguntas de un interrogatorio que le cursó el señor Berríos en un caso de liquidación de sociedad de bienes gananciales.

Por entender que el Tribunal de Primera Instancia debió especificar las controversias pendientes de adjudicación en el caso, expedimos el *certiorari* solicitado y revocamos la orden recurrida. Veamos los hechos del caso.

### I

La señora Rodríguez y el señor Berríos estuvieron casados por veinte años y se divorciaron en 2006. Posterior a la ruptura del matrimonio, la señora Rodríguez presentó una demanda de liquidación de la sociedad legal de gananciales en contra el señor Berríos. En la demanda, se enumeraron los siguientes bienes gananciales: una estructura comercial en la urbanización Caparra Terrace y una residencia en la urbanización Mansiones Reales. La señora Rodríguez también alegó que poseía un crédito a su favor de $250,000 por el aumento de valor de una propiedad privativa del señor Berríos ubicada en el Condominio La Mancha en Isla Verde. Se alegó que la pareja poseía, aproximadamente, $75,000 en cuentas de cheques, ahorros y certificados de seguros y que poseían bienes muebles valorados en $60,000.

El señor Berríos contestó la demanda y negó varias de las alegaciones, como la existencia de un crédito a favor de la señora Rodríguez con relación a la residencia privativa del señor Berríos en el Condominio La Mancha. También negó los valores que le adjudicó la señora Rodríguez a los bienes gananciales que tenía la pareja.

Además, el señor Berríos presentó una reconvención en contra de la señora Rodríguez. Alegó que la señora Rodríguez había abandonado el hogar matrimonial desde el 2003 sin aportar económicamente en el sustento de los hijos menores ni en los pagos relacionados al hogar matrimonial. Añadió que, debido a que el señor Berríos había asumido dichos pagos, había acumulado un crédito a su favor de no menos de $40,000. Sostuvo, además, que la señora Rodríguez había vivido en una propiedad privativa del señor Berríos desde que abandonó el hogar familiar y que por esta razón el señor Berríos había acumulado otro crédito de $23,300 (basado en el menoscabo de la posibilidad de alquilar la propiedad por $650 mensuales).

La señora Rodríguez contestó la reconvención y negó la mayoría de las alegaciones. Como parte del descubrimiento de prueba, la señora Rodríguez le cursó un Requerimiento de Admisiones al señor Berríos, el cual fue contestado adecuadamente. De igual forma, el señor Berríos le cursó un pliego de interrogatorios a la señora Rodríguez.

Luego de varios trámites procesales, el Tribunal celebró una vista el 26 de junio de 2007 en la cual las partes estipularon que las propiedades gananciales en el Condominio La Mancha, Caparra Terrace y Mansiones Reales tasaron $241,000, $153,000 y $457,000, respectivamente. También se estipuló que la señora Rodríguez

retendría las propiedades en el Condominio La Mancha y Caparra Terrace y que el señor Berríos retendría la residencia en Mansiones Reales. Al finalizar los procedimientos, la Juez mencionó que quedaban pendientes por dilucidar las deudas contributivas, el balance del préstamo hipotecario de la residencia en Mansiones Reales por $8,648.37; el certificado de depósito de $50,000 y *otras controversias*. Además, se citó una vista transaccional para el 14 de agosto de 2007. El Tribunal emitió una sentencia parcial el 21 de junio de 2007, en la cual recogió los acuerdos y estipulaciones hechos en la vista en torno a la distribución de los bienes inmuebles. La sentencia parcial fue notificada el 28 de junio de 2007.

Así las cosas, la señora Rodríguez presentó una moción de sentencia sumaria y realizó un recuento de los activos y los pasivos de la comunidad de bienes. De acuerdo con la moción, los pasivos de la comunidad ascendían a $23,509.50, de los cuales $11,754.75 eran responsabilidad de la señora Rodríguez. Alegó que tenía un crédito por $31,500, pues en la división de las propiedades inmuebles de la comunidad no se le adjudicaron los $425,000 a los que tenía derecho. También alegó que tenía un crédito por la mitad de un certificado de depósito de $50,000 que poseía la sociedad de bienes gananciales. La señora Rodríguez alegó que, luego de restar su porción por los pasivos de la comunidad, tenía un crédito total de $44,745.25.

El señor Berríos presentó una oposición a la moción de sentencia sumaria. Alegó que existían controversias sobre hechos materiales del caso. Específicamente, señaló que el certificado de depósito de $50,000 no era ganancial, sino privativo del señor Berríos, por ser fruto de un premio de carreras adquirido antes del matrimonio. Añadió que el balance de la deuda hipotecaria de la casa de Mansiones Reales era $8,648.37, en vez de $7,500; que tenía un crédito de $20,550 contra la comunidad de bienes por la propiedad de Caparra Terrace, un crédito de $26,042.27 por el apartamento en el Condominio La Mancha, un crédito de $19,938.24 por pagos hipotecarios de la residencia en Mansiones Reales, y un crédito de $1,040.36 por pagos de contribuciones de la residencia de Mansiones Reales. En conclusión, alegó que la señora Rodríguez le debía $93,776.56 por créditos adeudados. Argumentó que no procedía dictar sentencia sumaria por existir controversia de hechos en el caso y reclamó que la señora Rodríguez no había contestado el descubrimiento de prueba completamente. La señora Rodríguez presentó una réplica a la oposición a la sentencia sumaria.

Posteriormente, el señor Berríos cambió su representación legal. Su nuevo abogado le solicitó a la señora Rodríguez que completara el interrogatorio presentado por el señor Berríos el 28 de febrero de 2007. Como resultado, la señora Rodríguez presentó una Moción Solicitando Orden Protectora bajo la Regla 23.2 de Procedimiento Civil, el 28 de enero de 2008. Conforme a las alegaciones de la moción, la señora Rodríguez dejó de contestar las siguientes preguntas:

"7. Identifique detalladamente todas y cada una de las cuentas bancarias e instrumentos bancarios que usted administra, posee o ha poseído en los últimos tres años.

10. Detalle por separado cada una de las gestiones, esfuerzos o inversiones de dinero que haya realizado en el apartamento 1106 en el Condominio La Mancha de Isla Verde.

12. Indique y detalle por separado todas y cada una de las deudas que usted ha asumido con posterioridad de haberse separado de su ex esposo."

Alegó la señora Rodríguez que la prueba solicitada respondía a asuntos que habían sido adjudicados en la sentencia parcial dictada el 21 de junio de 2007 y le solicitó al tribunal que la relevara de contestar las preguntas solicitadas por el señor Berríos.

El señor Berríos presentó una Solicitud de Remedios al amparo de la Regla 34 de Procedimiento Civil, el 18 de febrero de 2008. En el escrito reiteró su solicitud para que se le ordenara a la señora Rodríguez que contestara la totalidad del interrogatorio cursado.

El Tribunal de Primera Instancia emitió una resolución que simplemente decía *como se pide* a la-Moción solicitando Orden Protectora presentada por la señora Rodríguez, el 26 de febrero de 2008.

El Tribunal de Primera Instancia emitió una resolución el 14 de marzo de 2008 en la cual denegó una moción de sentencia sumaria por existir controversias de hechos en el caso. Además, prohibió el descubrimiento de prueba con relación a los créditos adjudicados. Sin embargo, le ordenó a la señora Rodríguez a contestar los interrogatorios cursados por el señor Berríos.

El señor Berríos presentó un recurso de *certiorari* mediante el cual alegó que el Tribunal de Primera Instancia erró al declarar *como se pide* la orden protectora presentada por la señora Rodríguez y denegar el descubrimiento de prueba que él solicitó. También alegó el señor Berríos que erró el Tribunal de Primera Instancia al concluir implícitamente que en su sentencia parcial del 21 de junio de 2007 se habían adjudicado los créditos reclamados por el señor Berríos en su oposición a la sentencia sumaria. La señora Rodríguez presentó una oposición al recurso de *certiorari*.

Con el beneficio de ambas comparecencias, procedemos a resolver.

## II
### 1. El descubrimiento de prueba en los casos civiles

La Regla 23.1 de Procedimiento Civil dispone en lo pertinente lo siguiente:

"[E]l alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:

(a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

........

(d) Obligación continua de informar. Una parte que haya respondido a una solicitud de descubrimiento tendrá el deber contínuo de notificar a la parte contraria de toda información adicional que obtenga con posterioridad a dicha solicitud y que esté relacionada con dicho descubrimiento." 32 L.P.R.A. Ap. III, R. 23.1.

Los propósitos del descubrimiento de prueba en los casos civiles son: minimizar las controversias litigiosas; obtener la evidencia que se utilizará en el juicio y evitar sorpresas; y facilitar la búsqueda de la verdad y la evidencia. *Berríos Falcón v. Torres Merced*, **2009 J.T.S. 72**, 175 D.P.R. ___ (2009). El alcance del descubrimiento de prueba siempre debe ser amplio y liberal, aunque el tribunal tiene la discreción para llevar a cabo o dictar las reglas necesarias para llevar a cabo el descubrimiento. *Berríos Falcón v. Torres Merced, supra.*

Un amplio y adecuado descubrimiento de prueba antes del juicio propicia el adecuado manejo de los pleitos y evita los inconvenientes, sorpresas o injusticias que se desarrollan cuando las partes ignoran hasta el día de la vista los hechos y los asuntos que verdaderamente son el objetivo del juicio. *E.L.A. v. Casta*, 162 D.P.R. 1, 9 (2004).

Las Reglas de Procedimiento Civil de 1979 dejan en las manos de los abogados el descubrimiento de prueba para promover mayor flexibilidad y cooperación entre ellos en esa etapa de los procesos y minimizar el rol del tribunal en esa etapa, pero el tribunal tampoco debe cruzarse de brazos cuando se percata de la inacción por parte de los abogados. *Lluch v. España Service Sta.*, 117 D.P.R. 729, 744 (1986). Véase también, J.A. Cuevas Segarra, *Tratado de Derecho Civil*, San Juan, **Publicaciones J.T.S.**, 2000, Tomo I, pág. 467.

Nuestro Tribunal Supremo ha expresado lo siguiente:

"[E]l hecho de que las reglas le hayan impuesto a los abogados de las partes mayor responsabilidad en relación con el uso de los mecanismos de descubrimiento de prueba, no releva al tribunal de su deber de velar porque los procedimientos garanticen la solución justa, rápida y económica de los casos." *Lluch v. España Service Sta.*, 117 D.P.R. 729, 744 (1986).

Conforme a las disposiciones de la Regla 23.1 de Procedimiento Civil, *supra*, el descubrimiento de prueba tiene dos limitaciones, a saber: que la información objeto del descubrimiento de prueba no sea materia privilegiada; y que sea pertinente al asunto en controversia. *Alvarado v. Alemañy*, 157 D.P.R. 672, 683 (2002).

El concepto de pertinencia usado en el contexto del descubrimiento de prueba es mucho más amplio que el que se usa en el área de derecho probatorio para la admisibilidad de la prueba. *Alvarado v. Alemañy, supra*, pág. 683. Para que una evidencia sea pertinente para efectos del descubrimiento de prueba es suficiente que exista una posibilidad razonable de que esté relacionada con un asunto en controversia. *E.L.A. v. Casta, supra*, pág. 13. El elemento de pertinencia incluye todos los asuntos que tengan cualquier relación con las controversias específicas esbozadas en las alegaciones. *E.L.A. v. Casta, supra*, pág. 13. Además, se puede permitir la entrega de materia que sería inadmisible en el juicio, si ésta conduce a prueba admisible. *García Rivera et al. v. Enríquez*, 153 D.P.R. 323, 334 (2001). El concepto de pertinencia tiene que interpretarse de forma cónsona con los propósitos de las Reglas de Procedimiento Civil, es decir, lograr la solución justa, rápida y económica de las controversias. *General Electric v. Concessionaires, Inc.*, 118 D.P.R. 32, 40 (1986).

Se ha reconocido que una lista no exhaustiva de materia pertinente solicitada en interrogatorios es la siguiente:

"(i) prueba que sea admisible en el juicio; (ii) hechos que puedan servir para descubrir evidencia admisible; (iii) datos que puedan facilitar el desarrollo del proceso; (iv) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (v) *datos que puedan servir para impugnar la credibilidad de los testigos*; (vi) hechos que puedan usarse para contrainterrogar a los testigos que la otra parte, y (vii) nombres de los testigos que la parte interrogada espera utilizar en el juicio." (Énfasis en el original). *E.L.A. v. Casta, supra*, pág. 13.

En fin, para que una materia pueda ser objeto de descubrimiento de prueba, es suficiente que exista una posibilidad razonable de que se relacione al asunto en controversia; por lo tanto, no se podrá objetar el descubrimiento por la inadmisibilidad de la prueba en el juicio. 32 L.P.R.A. Ap. III, R. 23.1(a). Véase también, *Medina v. M.S. & D. Química P.R., Inc.*, 135 D.P.R. 716, 731 (1994).

**2. Los interrogatorios**

La Regla 30.1 de Procedimiento Civil establece, en lo pertinente, que:

"[C]ada interrogatorio será contestado por escrito, en forma separada y completa, y bajo juramento, a menos que sea objetado.

Si el interrogatorio fuere objetado, se expondrán mediante moción las razones para ello en sustitución de la

contestación debiendo acompañarse copia del interrogatorio objetado. Si sólo se objetare parte del interrogatorio, la parte que lo objeta deberá incluir literalmente la pregunta así como los fundamentos en que se basa la objeción." 32 L.P.R.A. Ap. III, R. 30.1.

Nuestro Tribunal Supremo ha expresado que los interrogatorios son la espina dorsal del descubrimiento de prueba, pues son el medio de descubrimiento de prueba más sencillo y económico que proveen las Reglas de Procedimiento Civil. *Medina v. M.S. & D. Química P.R., Inc., supra*, pág. 730; *Aponte v. Sears Roebuck de P. R., Inc.*, 129 D.P.R. 1042, 1050 (1992).

Las contestaciones a los interrogatorios deben ser claras y específicas. Por lo tanto, cuando la parte contraria provea contestaciones evasivas o incompletas, la parte que propone el interrogatorio puede acudir al tribunal para que le ordene a la parte que ha incumplido a contestar específicamente. R. Hernández Colón, *Derecho Procesal Civil*, 4ta Ed., San Juan, Lexisnexis de Puerto Rico, 2007, sec. 3004, pág. 277.

La Regla 30.1 de Procedimiento Civil le autoriza a la parte contraria presentar una moción cuando tiene objeciones al interrogatorio o algunas de sus preguntas. Si la objeción es parcial, debe presentar las contestaciones a las preguntas que no objeta. Sin embargo, las objeciones deben ser claras y específicas, por lo que objeciones que objetan las preguntas o interrogatorios por causar molestias o ser opresivos presentan conclusiones que son insuficientes para obtener un remedio del tribunal. Hernández Colón, *op cit.,* sec. 3004, pág. 278.

La Regla 34.1 de Procedimiento Civil, *supra*, dispone, en lo pertinente, que:

"[C]uando una parte se negare a descubrir lo solicitado, la parte promovente de una moción bajo esta regla, mediante notificación razonable a todas las personas a quienes pudiera afectar, podrá requerir del tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado según se dispone a continuación.

........

(b) Moción. Si un deponente se negare a contestar alguna pregunta que le fuere hecha o sometida según lo dispuesto en las Reglas 27 y 28, o una corporación u organización dejare de designar una persona según dispone la Regla 27.5 ó la parte dejare de contestar cualquier interrogatorio sometídole bajo la Regla 30, o si la parte en su contestación a una orden dictada bajo la Regla 31, dejare de responder a la solicitud para efectuar una inspección o no permita efectuar la misma, la parte promovente podrá solicitar que se obligue a dicha parte a contestar o especificar lo solicitado, o que se dicte una orden obligando a que se cumpla con la inspección solicitada." 32 L.P.R.A. Ap. III, R. 34.1.

Conforme a las disposiciones de la Regla 34.1 de Procedimiento Civil, *supra*, cuando la parte a la que se le notifica un interrogatorio objeta alguna pregunta y le notifica a la parte que notificó el interrogatorio las contestaciones a las preguntas no objetadas junto con las objeciones, y cumple de esta forma con lo dispuesto en la Regla 30.1 de Procedimiento Civil, *supra*, no está obligada a contestar la pregunta que objetó, a menos de que el tribunal se lo ordene, luego de considerar una moción bajo la Regla 34.1 de Procedimiento Civil. *Aponte v. Sears Roebuck de P.R., Inc., supra*, pág. 1052.

### III

El Tribunal de Primera Instancia expresó en su sentencia parcial que existían *otras controversias* que quedaban pendientes en el caso, pero nunca las particularizó. Al dictar una resolución que sólo dice *como se pide* a la orden de protección presentada por la señora Rodríguez, el Tribunal limitó el derecho de descubrimiento de prueba del señor Berríos, sin explicar las razones para ello. Nuestro Tribunal Supremo ha

expresado que, aunque no es necesario que los tribunales incluyan en sus decisiones detalles minuciosos, los Tribunales de Instancia facilitan la función revisora de los tribunales apelativos si consignan, cuidadosa y completamente, los fundamentos de sus decisiones. *Torres García v. García Dávila y otros*, 140 D.P.R. 83, 86 (1996). Luego de emitirse la sentencia parcial, el señor Berríos sostuvo que quedaban por dilucidar unos créditos a su favor. Debido a que el Tribunal de Primera Instancia no especificó cuáles controversias quedaban pendientes, era imposible determinar si procedía el descubrimiento de prueba.

El descubrimiento de prueba en los procedimientos civiles debe ser amplio y liberal y el Tribunal de Primera Instancia debe permitirlo, siempre y cuando exista posibilidad razonable de que la materia está relacionada con el asunto en controversia en el caso. Es por esto que las Reglas de Procedimiento Civil, *supra*, prohíben solamente el descubrimiento de prueba de materia privilegiada o materia que no sea pertinente en el caso particular. Se debe permitir el descubrimiento de toda otra materia, pues de esta forma se evitan las sorpresas en el juicio y se promueven juicios justos, rápidos y económicos.

Surge claramente de la minuta de la vista del 21 de junio de 2007 que luego de que las partes lograran la estipulación en torno a las propiedades inmuebles, el tribunal determinó que quedaban pendientes por dilucidar las deudas contributivas, el balance del préstamo hipotecario de la casa de Mansiones Reales y *otras controversias*. No obstante lo anterior, el tribunal nunca precisó cuáles eran las *otras controversias* que quedaban por dilucidar.

La determinación de las controversias que quedaban por dilucidar en el caso era imprescindible para el asunto del descubrimiento de prueba solicitado posteriormente por el señor Berríos. En otras palabras, la falta de claridad por parte del tribunal impidió que se pudiera determinar si la prueba solicitada por el señor Berríos era pertinente y, por consiguiente, si se debía permitir el descubrimiento de prueba solicitado.

El Juez debe ser preciso en sus resoluciones, pues, de esta forma, se facilita el buen entendimiento entre las partes y se facilita la función de los tribunales revisores. La Juez de Instancia debió especificar las controversias pendientes. De la única forma que se puede determinar si el descubrimiento de prueba solicitado por el señor Berríos debe permitirse, es mediante la especificación de todas las controversias que permanecen pendientes de adjudicación.

Sin embargo, es importante recalcar que, si se determina que el señor Berríos tiene derecho al descubrimiento de prueba, éste se debe limitar a la información relacionada con las controversias pendientes de adjudicación en el caso. No se trata de un permiso para que el señor Berríos lleve a cabo un nuevo proceso de descubrimiento de prueba como si el caso comenzara nuevamente.

## IV

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado, se revoca la orden del Tribunal de Primera Instancia y se devuelve el caso a éste para que se identifiquen las controversias que continúan pendientes de adjudicación, y entonces, si procede, se determine el descubrimiento de prueba solicitado por el señor Berríos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones